[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 71.]

TOLEDO BAR ASSOCIATION *v*. CHRISTENSEN.

[Cite as *Toledo Bar Assn. v. Christensen*, 1996-Ohio-370.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct that adversely reflects on fitness to practice law—Failure to comply with attorney registration requirements—Failure to comply with sanctions imposed for not meeting continuing legal education requirements— Failure to cooperate with grievance investigation.*

(No. 96-1427—Submitted September 10, 1996—Decided November 6, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-66.

_____

{¶ 1} On September 20, 1994, the Toledo Bar Association ("relator") filed a complaint charging David C. Christensen of Toledo, Ohio, Attorney Registration No. 0002576 ("respondent"), in one count with violating DR 3-101(B)(engaging in the unauthorized practice of law), and in a second count with violating Gov. Bar R. V(4)(G), DR 1-102(A)(1) and 1-102(A)(6) (failing to cooperate with a grievance investigation).

{¶ 2} Respondent failed to answer the complaint, and relator moved for a default judgment. Based on the complaint and affidavits attached to a supplemental motion for default judgment, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent was admitted to the practice of law in Ohio in 1955 but is not currently registered to practice law in Ohio and has not been in good standing since September 1, 1991. In April 1993 the Supreme Court sanctioned respondent for failure to comply with the continuing legal education requirements for the 1990-1991 reporting period and imposed a sanction fee which he has not paid. After September 1, 1991 and until March 1993,

respondent represented Gretchen A. Good in various legal matters including estate and tax representation, but, according to the panel, never advised Good that he was not registered to practice law in Ohio. After Good filed a grievance, relator began an investigation of Good's allegations. Although relator advised respondent by mail of the investigation and asked for his cooperation, respondent failed to communicate or cooperate with relator.

{¶ 3} In its decision, the panel found that the respondent had been served with the complaint; that the facts alleged in the complaint were true; and that respondent not only had failed to cooperate with relator, but had failed to respond to the complaint or appear at the hearing scheduled thereon. The panel concluded that respondent had violated DR 3-101(B) (by engaging in the unauthorized practice of law) and, further, that respondent had violated Gov. Bar R. V(4)(G), DR 1-102(A)(1) and 1-102(A)(6) (because of his failure to cooperate in the relator's investigation). The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 4} The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

––––––––––––––––––––

*Deborah K. Rump* and *Harold M. Steinberg,* for relator.

––––––––––––––––––––

***Per Curiam.***

{¶ 5} We adopt the findings of fact of the board. Further, we conclude that respondent has engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6) by (1) undertaking the representation of Good when he had failed to comply with the registration requirements of Gov. Bar R. VI, (2) failing to comply with the sanctions imposed for not meeting the continuing legal education requirements of Gov. Bar R. X, and (3) failing to cooperate with the grievance investigation as required by Gov. Bar R. V(4)(G). Therefore,

respondent is indefinitely suspended from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

COOK, J., dissents.

DOUGLAS, J., not participating.

_____

**COOK, J., dissenting.**

{¶ 6} Respondent's conduct, in the aggregate, displays a flagrant disregard of this court's rules, orders, and grievance procedures, and warrants permanent disbarment from the practice of law.

_____