OFFICE OF DISCIPLINARY COUNSEL *v.* KOURY.

[Cite as *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433.]

(No. 96–2427—Submitted December 11, 1996—Decided February 19, 1997.)

434

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Orville E. Stifel II*, for respondent.

*Per Curiam.* Under Gov.Bar R. V(8)(E), an attorney must inform existing clients of his suspension, notify them to seek legal services elsewhere, notify opposing counsel of the suspension, and file a notice of disqualification with any court where he has litigation pending. These duties were specifically set forth in our order of December 10, 1993. That order also provided that "respondent [shall] immediately cease and desist from the practice of law in any form" and

that "on or before January 10, 1994, respondent [shall] surrender his certificate of admission to practice to the Clerk of this court and that his name be stricken from the roll of attorneys maintained by this court."

After the December 10, 1993 order, respondent continued to represent clients Ross and Sims and did not inform them of his suspension. Moreover, while suspended, he undertook to represent clients Santiago, Shields, Rodriguez, Patrick, McKelvey, Carmendy, Maloof, Davis, Galose, and Stilson.

The normal penalty for continuing to practice law while under suspension is disbarment. *Akron Bar Assn. v. Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752; *Disciplinary Counsel v. McDonald* (1995), 71 Ohio St.3d 628, 646 N.E.2d 819; *Cincinnati Bar Assn. v. Shabazz* (1995), 74 Ohio St.3d 24, 656 N.E.2d 325. However, in view of the board's recommendation and the mitigating circumstances, respondent is indefinitely suspended from the practice of law in Ohio with the suspension to commence as of the date of our order. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., dissents.

COOK and LUNDBERG STRATTON, JJ., separately dissent.

COOK, J., dissenting. The appropriate sanction for the continued practice of law while under suspension is permanent disbarment. I would impose it here.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.