OFFICE OF DISCIPLINARY COUNSEL *v.* BLACKWELL.

[Cite as *Disciplinary Counsel v. Blackwell* (1997), 79 Ohio St.3d 395.]

(No. 96-2789—Submitted May 20, 1997—Decided September 24, 1997.)

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Richard S. Koblentz* and *Peter A. Russell*, for respondent.

*Per Curiam.* We adopt the findings and conclusions of the board. In a case decided this same day, we suspended an attorney for one year with six months stayed because he practiced after having been suspended. *Disciplinary Counsel v. Bancsi* (1997), 79 Ohio St.3d 392, 683 N.E.2d 1072. In *Bancsi*, the attorney was originally suspended for failing to meet the substance abuse component of his CLE requirement and continuing to represent clients during the five-week period before his pending reinstatement motion was granted.

In this case respondent not only continued to practice law after having been suspended for failure to meet his CLE requirements, he also practiced for fifteen months while not maintaining a current Certificate of Registration as required by Gov.Bar R. VI(1). Moreover, while the attorney in *Bancsi* practiced for five weeks after being notified of his suspension, respondent in this case practiced for five years while delinquent in his CLE requirements. An attorney who continues to practice law while his license is under suspension violates DR 3–101(B). *Akron Bar Assn. v. Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752. An attorney who continues to practice law while failing to comply with the registration requirements of Gov.Bar R. VI(1) and failing to comply with the sanctions

imposed for not meeting the CLE requirements of Gov.Bar R. X violates DR 1–102(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law). *Toledo Bar Assn. v. Christensen* (1996), 77 Ohio St.3d 71, 671 N.E.2d 30.

"The normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371, 1373; *Akron Bar Assn. v. Thorpe.* However, in view of the specific facts and circumstances of this case, and particularly in view of the board's recommendation and the fact that most of respondent's violations occurred during a period when he was achieving a successful recovery from alcoholism, we impose a two-year suspension upon respondent with the second year of the suspension period stayed. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.