[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 395.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BLACKWELL.

[Cite as *Disciplinary Counsel v. Blackwell*, 1997-Ohio-377.]

*Attorneys at law—Misconduct—Two-year suspension with second year of the suspension stayed—Continuing to practice law after being suspended for failure to meet continuing legal education requirements—Practicing law for fifteen months while not maintaining a current Certificate of Registration as required by Gov.Bar R. VI(1).*

(No. 96-2789—Submitted May 20, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-04.

————————————

{¶ 1} Effective December 17, 1990, fifteen months late, Joseph Henry Blackwell of Cleveland, Ohio, Attorney Registration No. 0001563 ("respondent"), registered for the 1989/1991 biennium. During the time he was not registered respondent engaged in the practice of law. Respondent also failed to complete his continuing legal education ("CLE") requirement for the 1989 reporting period. As a result, we imposed a sanction upon respondent of $65 in July 1991, which he paid later that month.

{¶ 2} In April 1993, we again imposed a sanction upon respondent, this time in the amount of $680 for failing to complete his CLE requirement for the 1990/1991 reporting period. Respondent paid that sanction in November 1994, eighteen months late. On August 11, 1995, we suspended respondent from the practice of law for failing to meet his CLE requirement for the 1992/1993 reporting period and ordered him both to pay a $750 fine and to complete seven specific actions before September 11, 1995, one of which was to notify his clients of his

suspension. *In re Report of Comm. on Continuing Legal Edn., Blackwell, Respondent* (1995), 74 Ohio St.3d 1428, 1429, 655 N.E.2d 1312, 1314.

{¶ 3} Despite this order, after August 11, 1995, respondent continued to appear in nine separate actions in the Cuyahoga County Common Pleas Court. Respondent did not notify eight of the clients in these actions of his suspension.

{¶ 4} On November 14, 1995, respondent filed for reinstatement to the practice of law, although he had not completed the seven specific actions required by our order of August 11, 1995. Among other things, he did not provide proof that he had notified his clients and opposing counsel of his suspension by certified mail. Respondent has not yet been reinstated.

{¶ 5} On August 16, 1996, relator, Office of Disciplinary Counsel, filed a three-count amended complaint charging that respondent had violated three Disciplinary Rules and one Rule for the Government of the Bar. On August 27, 1996, the parties stipulated to the facts and waived a hearing. Respondent filed a memorandum pointing out that he had practiced law for thirty-three years and, until this complaint was filed, he had never been charged with a violation of the Code of Professional Responsibility. Respondent said that after his wife died in 1987, he began to abuse alcohol and continued until he entered a treatment facility in 1990. Respondent said that he has maintained sobriety for the past five years.

{¶ 6} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found, on the basis of the stipulated facts, that respondent had, by his actions and inaction, violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law), 3-101(B) (practicing law in a jurisdiction where to do so would be in violation of the regulations of the professions of that jurisdiction), and Gov.Bar R. VII (the unauthorized practice of law). The panel recommended that respondent be

indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendations of the panel.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Richard S. Koblentz* and *Peter A. Russell,* for respondent.

———————————

***Per Curiam.***

{¶ 7} We adopt the findings and conclusions of the board. In a case decided this same day, we suspended an attorney for one year with six months stayed because he practiced after having been suspended. *Disciplinary Counsel v. Bancsi* (1997), 79 Ohio St.3d 392, 683 N.E.2d 1072. In *Bancsi*, the attorney was originally suspended for failing to meet the substance abuse component of his CLE requirement and continuing to represent clients during the five-week period before his pending reinstatement motion was granted.

{¶ 8} In this case respondent not only continued to practice law after having been suspended for failure to meet his CLE requirements, he also practiced for fifteen months while not maintaining a current Certificate of Registration as required by Gov.Bar R. VI(1). Moreover, while the attorney in *Bancsi* practiced for five weeks after being notified of his suspension, respondent in this case practiced for five years while delinquent in his CLE requirements. An attorney who continues to practice law while his license is under suspension violates DR 3-101(B). *Akron Bar Assn. v Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752. An attorney who continues to practice law while failing to comply with the registration requirements of Gov.Bar R. VI(1) and failing to comply with the sanctions imposed for not meeting the CLE requirements of Gov.Bar R. X violates DR 1-102(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law). *Toledo Bar Assn. v. Christensen* (1996), 77 Ohio St.3d 71, 671 N.E.2d 30.

{¶ 9} "The normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371, 1373; *Akron Bar Assn. v. Thorpe.* However, in view of the specific facts and circumstances of this case, and particularly in view of the board's recommendation and the fact that most of respondent's violations occurred during a period when he was achieving a successful recovery from alcoholism, we impose a two-year suspension upon respondent with the second year of the suspension period stayed. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____