OFFICE OF DISCIPLINARY COUNSEL *v.* CHAVERS.

[Cite as *Disciplinary Counsel v. Chavers* (1997), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Permanent disbarment — Ignoring previous order of Supreme Court by continuing to practice law while under suspension.*

(No. 97-1313 — Submitted August 26, 1997 — Decided December 31, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-71.

On November 7, 1990, we indefinitely suspended respondent, Clarence L. Chavers of Woodmere, Ohio, Attorney Registration No. 0024930, from the practice of law in Ohio for neglecting client matters and failing to cooperate in the ensuing investigation. *Disciplinary Counsel v. Chavers* (1990), 55 Ohio St.3d 18, 562 N.E.2d 1386. On that same day, we entered an order requiring, among other things, that respondent notify all his clients of his suspension, return to them their papers and property and all unearned fees, and notify the court of compliance with the order. Respondent did not comply with the order, and on January 16, 1991, we issued an order to show cause why he should not be found in contempt. *Disciplinary Counsel v. Chavers* (1991), 57 Ohio St.3d 706, 566 N.E.2d 172. Respondent failed also to respond to that order, and on February 27, 1991, we found him to be in contempt of this court. *Disciplinary Counsel v. Chavers* (1991), 58 Ohio St.3d 704, 569 N.E.2d 513.

On November 6, 1995, this court received a copy of a letter written by Judge Stuart A. Friedman of the Cuyahoga County Common Pleas Court, stating that respondent was currently appearing before Judge Friedman as counsel of record in the case of *Onyealilachi F.O. Nwoku v. St. Paul Congregational*

*Methodist Church,* case No. 280785. Relator, Disciplinary Counsel, sent two letters of inquiry about this allegation to respondent by certified mail. The letters were received, but respondent did not reply. In response to relator's subpoena *duces tecum,* respondent appeared for a deposition on May 17, 1996. Respondent admitted then that he had not registered with the Supreme Court since the 1987-1989 biennium and that in July 1991 he received a sanction of $390 for failing to meet continuing legal education requirements, which he had not yet paid.

Respondent stated in his deposition that after being suspended by this court he continued to practice in the United States Bankruptcy Court for the Northern District of Ohio in the belief that he could do so because it was a "separate entit[y]." Respondent filed a case in that court in December 1990 and another in March 1991. On April 14, 1992, the Chief Judge of the United States District Court for the Northern District of Ohio suspended respondent from the right to practice law in that court. In 1993, respondent filed another bankruptcy case in the bankruptcy court for the Northern District of Ohio and, in 1995, he was still attorney of record in a bankruptcy case filed on April 14, 1992.

When respondent failed to answer relator's October 1996 complaint charging that respondent's activities since his November 1990 suspension violated several Disciplinary Rules, relator filed a motion for default judgment. Respondent, when contacted by telephone, stated that he did not intend to respond to the complaint or the motion.

A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") reviewed the motion and attached exhibits, found the facts as alleged, and concluded that respondent's appearance as counsel in *Onyealilachi F.O. Nwoku v. St. Paul Congregational Methodist Church* constituted the practice of law while under suspension in violation of DR 1-

2

102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law), and 3-101(B) (practicing law in a jurisdiction where to do so would be in violation of the regulations of the profession in that jurisdiction) and Gov.Bar R. V(8)(E) (failure to perform the duties of a suspended attorney).

The panel further concluded that respondent's continued practice of law in 1990 and later years in the United States Bankruptcy Court for the Northern District of Ohio, even after being suspended from practice in that district, violated DR 1-102(A)(5), 1-102(A)(6), and 3-101(B), and Gov.Bar R. V(8)(E).

In addition, the panel concluded that respondent's continued practice of law while not registered during years after 1988 constituted a violation of Gov.Bar R. VI(1) (requiring an attorney to register and pay the registration fee to remain in active status).  The panel recommended that respondent be permanently disbarred.

The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

_____

***Per Curiam***.  Absent any mitigating circumstances, the normal penalty for ignoring previous orders of the court and continuing to practice law while under suspension is disbarment.  *Disciplinary Counsel v. McDonald* (1995), 71 Ohio St.3d 628, 646 N.E.2d 819; *Cincinnati Bar Assn. v. Shabazz* (1995), 74 Ohio St.3d 24, 656 N.E.2d 325.  Respondent continued to practice law by appearing in the common pleas court while suspended.  His activities were not unlike those of the lawyer in *Akron Bar Assn. v. Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752,

3

where we disbarred a suspended attorney who attempted to settle an accident claim. Here, we find no mitigating circumstances as we did in *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 674 N.E.2d 1371, and *Disciplinary Counsel v. Bancsi* (1997), 79 Ohio St.3d 392, 683 N.E.2d 1072.

Moreover, respondent continued to practice in the bankruptcy court after being suspended by the Chief Judge of the United States District Court. Contrary to respondent's opinion at his deposition, such practice involved a violation of the Disciplinary Rules. Because the bankruptcy court is a unit of the United States District Court, Section 151, Title 28, U.S.Code, respondent's continued practice in the bankruptcy court after suspension by the district court constituted the practice of law in a jurisdiction where doing so violated the regulations of the profession of that jurisdiction. As a consequence, respondent violated DR 3-101(B). Even a practice limited to advising and representing clients solely on federal law and appearing solely in federal court entails other activities in carrying out the practice of law that are not solely federal in nature and warrant state regulation. To file a bankruptcy case, a lawyer must counsel his client on Ohio law relating to exemptions and preferential and fraudulent transfers, among other matters. Respondent, therefore, by necessity counseled his client on Ohio law while he was suspended and not in good standing, although he filed the case in the bankruptcy court.

We accept the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

4