[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 317.]

OFFICE OF DISCIPLINARY COUNSEL *v.* JEFFERSON.

[Cite as *Disciplinary Counsel v. Jefferson*, 1998-Ohio-87.]

*Attorneys at law—Misconduct—Permanent disbarment—Ignoring orders of Supreme Court—Continuing to practice law while under suspension.*

(No. 98-757—Submitted  June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-84.

_____

{¶ 1} On September 21, 1995, respondent, James Jefferson, Jr. of Cleveland, Ohio, Attorney Registration No. 0032871, was suspended from the practice of law and ordered to pay a $600 sanction for failure to comply with the Gov.Bar R. X continuing legal education requirements for the 1992-1993 reporting period. *In re Report of the Comm. on Continuing Legal Edn., James Jefferson, Jr.* (1995), 73 Ohio St.3d 1464, 654 N.E.2d 1276. The order suspending respondent also noted that he had failed "to pay a previous court-ordered sanction for noncompliance in a previous reporting period." In addition, respondent failed to timely register with the Clerk of the Supreme Court as required by Gov.Bar R. VI(1) for the three biennia 1989/1990, 1991/1992, and 1993/1994, and failed to register at all for the two biennia 1995/1996 and 1997/1998.

{¶ 2} Upon being advised by a judge of the Cleveland Municipal Court that after September 21, 1995, respondent represented parties in sixteen cases in that tribunal, relator, Office of Disciplinary Counsel, attempted to contact respondent. The law firm whose address respondent had listed with the Clerk of the Supreme Court advised relator that respondent had not been at that firm for over two years. Relator found that the respondent's residence telephone had been disconnected.

**{¶ 3}** In addition, relator discovered that after September 1995, respondent continued to practice law in the Cuyahoga County Common Pleas Court, Division of Domestic Relations, by representing the defendant in *Zama v. Zama*, case No. D245834. Relator also discovered that in February 1997, respondent was charged with passing two bad checks, that he failed to appear in court, and that the Euclid Municipal Court issued warrants for his arrest. The arrest warrants remain outstanding.

**{¶ 4}** On October 13, 1997, relator filed a three-count complaint charging that respondent's conduct violated several Disciplinary Rules. After unsuccessfully attempting to serve respondent at his last known address, relator served the complaint on the Clerk of the Supreme Court of Ohio as authorized by Gov.Bar R. V(11)(B). When respondent failed to answer or plead within the time prescribed by rule, relator filed a motion for default, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶ 5}** The panel found the facts as stated and concluded with respect to counts one and two that by practicing law after being suspended respondent had violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting upon the attorney's ability to practice law), and 3-101(B) (practicing law in a jurisdiction where to do so would violate the regulations of the jurisdiction). The panel concluded with respect to count three that by failing to appear in response to the charges of passing bad checks and by having outstanding warrants for his arrest, respondent had violated DR 1-102(A)(5) and (6). The panel concluded with respect to count four that by practicing law after failing to register as required by Gov.Bar R. VI(1), respondent violated DR 1-102(A)(6) and 3-101(B). The panel recommended that respondent be permanently disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

_____

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board.  Absent any mitigating circumstances, the penalty for ignoring orders of the court and continuing to practice law while under suspension is disbarment. *Disciplinary Counsel v. Chavers* (1997), 80 Ohio St.3d 441, 687 N.E.2d 415, and cases cited therein.  Respondent is hereby permanently disbarred from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____