Columbus Bar Association *v.* Elsass.

[Cite as *Columbus Bar Assn. v. Elsass* (1999), 86 Ohio St.3d 195.]

(No. 98–2662—Submitted March 30, 1999—Decided July 28, 1999.)

*Bruce A. Campbell, Eleanor B. Haynes* and *Stephen E. Chappelear,* for relator.

*John W. Leibold* and *Tobias H. Elsass, pro se*, for respondent.

FRANCIS E. SWEENEY, SR., J. Respondent offers numerous objections to the findings of fact and conclusions of law of the board. For the following reasons, we reject his objections and adopt the findings of fact, conclusions of law, and recommendation of the board.

Regarding Count One, respondent argues that there was no witness testimony that he prepared the motions in the Bartholomew and Beckwith cases. Both respondent and his legal secretary testified that respondent did not dictate those documents. Furthermore, a letter to Bartholomew, which accompanied the motion for continuance, stated, "[w]e have taken the liberty of preparing a motion for continuance of your case. Please sign it and return it to the above address and I will mail it to the Clerk's office for acceptance by them. We need to do this as soon as possible since the trial date is April 30, 1996." Respondent alleges that the word "we" in the letter indicates that he was acting in the capacity of a law clerk in transmitting the information from Laura Peterman, his associate, to Suzanne Brown, the office manager at that time. Respondent maintains that at best, the testimony and evidence create only an inference that he prepared the documents, and that such an inference cannot be considered clear and convincing evidence.

However, the panel determined that the evidence contradicted respondent's assertion that he was acting in the capacity of a law clerk. In particular, the testimony of Peterman refuted his claim. Respondent argues that Peterman's testimony was biased, as she was engaged in litigation with the respondent in a contract dispute. However, "[w]here the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false." *Cross v. Ledford* (1954), 161 Ohio St. 469, 478, 53 O.O. 361, 365, 120 N.E.2d 118, 123–124. Thus, despite conflicting testimony, the panel properly determined that the evidence indicating that respondent had prepared the documents was sufficiently clear and convincing.

Regarding Count Two, respondent argues that the board abused its discretion by usurping the judicial function of the court system in interpreting *Hecht v. Levin, supra*, as creating an absolute privilege against civil action when a person files a grievance against an attorney. *Hecht* states, "[a] statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." *Id.* at paragraph two of the syllabus. Although *Hecht* creates an absolute privilege, the statement in question must still bear some reasonable relation to the attorney disciplinary proceeding. We reject respondent's contention that this is an issue exclusively for the courts and find

that the board or hearing panel may determine the question whether there is such a relation. The board may make such a determination because it has "exclusive jurisdiction" to recommend disciplinary action against an attorney and is "empowered to receive evidence, preserve the record, make findings and submit recommendations to this court concerning complaints of attorney misconduct." *Hecht*, 66 Ohio St.3d at 461, 613 N.E.2d at 588. In respondent's case, the panel properly determined that a reasonable relation existed and concluded that respondent filed the lawsuit against Tabler merely to harass her. Respondent was specifically aware of the *Hecht* decision, yet deliberately filed the defamation and slander lawsuit. Furthermore, he deliberately violated Civ.R. 8(A) in order to intimidate Tabler by demanding $500,000 in damages. Civ.R. 8(A) prohibits a party who seeks more than $25,000 from specifying in the demand for judgment the amount of recovery sought, except in a claim founded on an instrument. Thus, the board did not abuse its discretion, and we find respondent's argument without merit.[1]

As to Count Five, respondent claims that the board abused its discretion in finding a violation under DR 1–102(A)(4) when he did not provide any legal services for Herdman. However, an attorney may be found to have engaged in conduct involving dishonesty, deceit, or misrepresentation under DR 1–102(A)(4) without having performed legal services for a client. In this case, the panel found that respondent's conduct was dishonest and deceitful. The panel found by clear and convincing evidence that while under suspension, respondent had talked with Herdman about legal work she wanted done and did not tell her that he was under suspension. Herdman thought that she was retaining respondent to perform legal services based on her conversation with respondent and sent him a letter and a retainer check, which respondent subsequently negotiated. The fact that respondent subsequently performed no legal services for her is irrelevant.

Finally, respondent asserts that the board failed to address his claim of discrimination in violation of the Americans with Disabilities Act ("ADA"). Respondent is a recovering drug addict and contends that his past addiction was the basis for charges brought by relator. However, respondent has presented no evidence that would support a claim for relief under the ADA. The Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S.Code ("ADA"), does not prevent the discipline of attorneys with disabilities. *State ex rel. Oklahoma Bar Assn. v. Busch* (Okla.1996), 919 P.2d 1114, 1119–1120. See *Cincinnati Bar Assn.*

---

1. Regarding respondent's lawsuit against Tabler, the Tenth District Court of Appeals recently upheld the trial court's granting of summary judgment in favor of Evalena Tabler. The court of appeals held that pursuant to *Hecht*, Tabler's statements in her grievance bore a reasonable relation to the Columbus Bar Association proceedings against appellant. See *Elsass v. Tabler* (Mar. 25, 1999), Franklin App. No. 98AP–837, unreported, 1999 WL 163259.

*v. Komarek* (1998), 84 Ohio St.3d 90, 96, 702 N.E.2d 62, 67. This is because the primary purpose of attorney discipline is to protect the public, and this court has a constitutional duty to oversee the bar and to ensure that its members are fit to practice law. *Busch,* 919 P.2d at 1117–1120.

We adopt the conclusions of law by the board that respondent has violated DR 3–101(B), 1–102(A)(4), 1–102(A)(5), 7–102(A)(1), and 7–102(A)(2). We note that "the normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371, 1373. However, in mitigation the board determined that respondent, so far, has successfully recovered from drug and alcohol abuse, and otherwise has generally been an upstanding and active member of the community. Nevertheless, due to respondent's repeated acts of dishonesty, deceit, and failure to abide by this court's orders, we adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in the state of Ohio. Costs taxed to respondent.

*Judgment accordingly.*

Douglas, Acting C.J., Resnick and Pfeifer, JJ., concur.

T. Bryant, Cook and Shaw, JJ., dissent.

Thomas F. Bryant, J., of the Third Appellate District, sitting for Moyer, C.J.

Stephen R. Shaw, J., of the Third Appellate District, sitting for Lundberg Stratton, J.

---

Shaw, J., dissenting. I concur with the analysis and findings of the majority, but respectfully disagree with the final disposition. The majority opinion thoroughly and effectively details on the part of respondent the intentional disregard of known legal authority of this court in an effort to harass and intimidate a former client who filed a disciplinary grievance against him, a pattern of deceitful conduct with clients and trial courts, the deliberate disobedience of a contempt order issued by this court, and an effort to evade responsibility for his own conduct via a less than bona fide effort to invoke relief under the ADA—*all occurring while respondent was under one or the other of two different suspension orders of this court.* In my view, the aggressive pattern of professional deceit and dishonesty exhibited by respondent towards the courts, the public, and the disciplinary process itself is not outweighed by indications that in his personal life, respondent may be presently recovering from drug and alcohol abuse or involved in certain community affairs. Given these circumstances, a departure from the normal rule of *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 674 N.E.2d 1371, seems neither warranted in this case nor prudent for future

cases. I believe the only appropriate sanction here is an order of permanent disbarment.

T. BRYANT and COOK, JJ., concur in the foregoing dissenting opinion.