**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 195.]**

COLUMBUS BAR ASSOCIATION *v.* ELSASS.

[Cite as *Columbus Bar Assn. v. Elsass*, 1999-Ohio-93.]

*Attorneys at law—Misconduct—Indefinite suspension—Continuing to practice law while under suspension—Repeated acts of dishonesty, deceit, and failure to abide by Supreme Court's order—Filing lawsuit to intimidate former client who had filed grievance against him—ADA does not prevent the discipline of attorneys with disabilities.*

(No. 98-2662—Submitted March 30, 1999—Decided July 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-14.

———————————

{¶ 1} On June 10, 1998, the Columbus Bar Association ("relator") filed a five-count amended complaint against Tobias H. Elsass of Columbus, Ohio, Attorney Registration No. 0024436 ("respondent"). The complaint alleged several violations of the Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} This is not the first time respondent has appeared before this court on a disciplinary matter. On December 20, 1995, we suspended respondent from the practice of law for a period of six months. See *Columbus Bar Assn. v. Schlosser* (1995), 74 Ohio St.3d 174, 657 N.E.2d 500. Count One of the June 10, 1998 complaint involved respondent's representation of Kevin L. Bartholomew in a case in the Franklin County Court of Common Pleas while under this suspension. Upon being suspended, respondent notified Bartholomew that he should seek other counsel because respondent was not eligible to practice law. However, Bartholomew was unable to obtain other counsel before the scheduled

commencement of the case on April 30, 1996. The complaint alleged that respondent had his secretary prepare a motion for continuance, which purported to be a *pro se* pleading. Respondent sent the motion for continuance to Bartholomew for his signature and instructed him to return it to respondent for filing. The motion for continuance was denied. Respondent then had his secretary prepare a notice of voluntary dismissal of the case, which also purported to be a *pro se* pleading. Bartholomew signed the notice and respondent subsequently filed it with the court.

{¶ 3} Count One also alleged that respondent committed similar conduct in a separate case involving the representation of Tricia Beckwith. Again, respondent had his secretary prepare a purportedly *pro se* motion for a continuance on her behalf while he was suspended from the practice of law. The panel concluded that respondent's actions constituted the unauthorized practice of law in violation of DR 3-101(B) (practicing law in violation of the regulations) and 1-102(A)(4) (engaging in conduct involving dishonesty, deceit, or misrepresentation).

{¶ 4} Count Two concerned respondent's filing of a lawsuit against Evalena Tabler after she had filed a grievance against the respondent with the Office of Disciplinary Counsel of the Supreme Court of Ohio. Tabler's grievance alleged that respondent had engaged in professional misconduct in the preparation of a will for her father and the subsequent representation of the estate.

{¶ 5} In response, respondent filed suit against Tabler in the Court of Common Pleas of Franklin County, alleging that Tabler had defamed and slandered him by filing the grievance. In the complaint, respondent sought compensatory and punitive damages in the amount of $500,000 plus costs and attorney fees. In light of our decision in *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 613 N.E.2d 585, that a complaint filed with the grievance committee of a local bar association enjoys an absolute privilege against a civil action based thereon, the panel found that respondent's lawsuit was unwarranted and harassing, and that his conduct violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice),

7-102(A)(1) (filing a suit, asserting a position, or taking action knowing that such action would serve merely to harass or maliciously injure another), and 7-102(A)(2) (knowingly advancing an unwarranted claim).

{¶ 6} Respondent was reinstated to the practice of law on July 12, 1996. However, on November 26, 1997, we found respondent in contempt and again suspended him until such time as he purged himself of contempt. On April 1, 1998, we determined that respondent had substantially complied with the November 26, 1997 order; therefore, the contempt and suspension orders were lifted. Counts Three, Four, and Five of the relator's amended complaint alleged activity that occurred during this contempt suspension period.

{¶ 7} Count Three of the complaint alleged that respondent failed to notify his client Maria Wells of his suspension pursuant to the contempt order of November 26, 1997. Respondent claimed that he sent a letter notifying Wells of his suspension, but Wells denied receiving this letter. Furthermore, on December 15, 1997, respondent sent a letter to Wells enclosing an authorization to allow another attorney to review her file. This letter did not mention that respondent had been found in contempt and was suspended from the practice of law. Thereafter, Wells's husband called the respondent to inquire about the status of his wife's case. Respondent again failed to mention that he had been suspended from the practice of law.

{¶ 8} Although the panel determined that relator failed to prove by clear and convincing evidence that respondent did not send notice of his suspension, it did find that respondent's other correspondence and conversations with his client and her husband as related in Count Three violated DR 1-102(A)(4).

{¶ 9} Count Four involved the respondent's mailing of a Christmas card to his client Lucy Molitor while under suspension for contempt. Enclosed with the card was a letter addressed "Dear Clients," which stated, among other things, that "[t]he new year will bring a new direction to my law practice and a new location

* * *. Beginning January 1, 1998, I will continue to represent my old and existing clients on pending matters, but will be restricting my practice." The letter did not mention that the respondent had been found in contempt and was suspended from the practice of law until such time as he purged himself of contempt. The panel concluded that respondent's correspondence with Molitor violated DR 1-102(A)(4).

{¶ 10} Finally, Count Five of the complaint alleged that Donna Herdman, a resident of California, contacted respondent on March 1, 1998, and asked him to assist her in the administration of her late husband's estate. Respondent agreed to perform legal services for Herdman, even though he was still under suspension at that time. The respondent did not inform Herdman that he was legally unable to represent her. On March 4, 1998, Herdman sent a check in the amount of $500 as a retainer to the respondent. Respondent deposited the check on March 12, 1998. Respondent asserted that he mistakenly deposited the check believing it was rent due from property he owned and attempted to return the $500 after the matter was already under investigation. The panel determined that respondent's actions relating to Count Five constituted a violation of DR 1-102(A)(4).

{¶ 11} In mitigation, the respondent provided several attorneys, former clients, and other acquaintances as character witnesses. The witnesses indicated that respondent was careful not to give legal advice during the periods of his prior suspensions, and also testified to his truthful nature. The witnesses also testified to his active participation in various youth organizations and in his church. The panel also noted that respondent has continued a successful recovery from drug addiction and alcohol abuse.

{¶ 12} The panel recommended that respondent be suspended from the practice of law for a period of two years, with the second year stayed on the condition that the respondent dismiss his lawsuit against Evalena Tabler with prejudice and reimburse her to the satisfaction of the relator. The board adopted

4

the panel's findings of fact and conclusions of law. However, based on respondent's repeated acts of dishonesty, deceit, and failure to abide by the court's order, the board recommended an indefinite suspension.

_____

*Bruce A. Campbell, Eleanor B. Haynes* and *Stephen E. Chappelear*, for relator.

*John W. Leibold* and *Tobias H. Elsass*, *pro se*, for respondent.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 13} Respondent offers numerous objections to the findings of fact and conclusions of law of the board. For the following reasons, we reject his objections and adopt the findings of fact, conclusions of law, and recommendation of the board.

{¶ 14} Regarding Count One, respondent argues that there was no witness testimony that he prepared the motions in the Bartholomew and Beckwith cases. Both respondent and his legal secretary testified that respondent did not dictate those documents. Furthermore, a letter to Bartholomew, which accompanied the motion for continuance, stated, "[w]e have taken the liberty of preparing a motion for continuance of your case. Please sign it and return it to the above address and I will mail it to the Clerk's office for acceptance by them. We need to do this as soon as possible since the trial date is April 30, 1996." Respondent alleges that the word "we" in the letter indicates that he was acting in the capacity of a law clerk in transmitting the information from Laura Peterman, his associate, to Suzanne Brown, the office manager at that time. Respondent maintains that at best, the testimony and evidence create only an inference that he prepared the documents, and that such an inference cannot be considered clear and convincing evidence.

{¶ 15} However, the panel determined that the evidence contradicted respondent's assertion that he was acting in the capacity of a law clerk. In

particular, the testimony of Peterman refuted his claim. Respondent argues that Peterman's testimony was biased, as she was engaged in litigation with the respondent in a contract dispute. However, "[w]here the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false." *Cross v. Ledford* (1954), 161 Ohio St. 469, 478, 53 O.O. 361, 365, 120 N.E.2d 118, 123-124. Thus, despite conflicting testimony, the panel properly determined that the evidence indicating that respondent had prepared the documents was sufficiently clear and convincing.

{¶ 16} Regarding Count Two, respondent argues that the board abused its discretion by usurping the judicial function of the court system in interpreting *Hecht v. Levin*, *supra*, as creating an absolute privilege against civil action when a person files a grievance against an attorney. *Hecht* states, "[a] statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." *Id.* at paragraph two of the syllabus. Although *Hecht* creates an absolute privilege, the statement in question must still bear some reasonable relation to the attorney disciplinary proceeding. We reject respondent's contention that this is an issue exclusively for the courts and find that the board or hearing panel may determine the question whether there is such a relation. The board may make such a determination because it has "exclusive jurisdiction" to recommend disciplinary action against an attorney and is "empowered to receive evidence, preserve the record, make findings and submit recommendations to this court concerning complaints of attorney misconduct." *Hecht,* 66 Ohio St.3d at 461, 613 N.E.2d at 588. In respondent's case, the panel properly determined that a reasonable relation existed and concluded that respondent filed the lawsuit against Tabler merely to harass her. Respondent was specifically aware of the *Hecht* decision, yet deliberately filed the defamation and slander lawsuit. Furthermore, he deliberately violated Civ.R. 8(A) in order to intimidate Tabler by demanding

$500,000 in damages. Civ.R. 8(A) prohibits a party who seeks more than $25,000 from specifying in the demand for judgment the amount of recovery sought, except in a claim founded on an instrument. Thus, the board did not abuse its discretion, and we find respondent's argument without merit.[1]

{¶ 17} As to Count Five, respondent claims that the board abused its discretion in finding a violation under DR 1-102(A)(4) when he did not provide any legal services for Herdman. However, an attorney may be found to have engaged in conduct involving dishonesty, deceit, or misrepresentation under DR 1-102(A)(4) without having performed legal services for a client. In this case, the panel found that respondent's conduct was dishonest and deceitful. The panel found by clear and convincing evidence that while under suspension, respondent had talked with Herdman about legal work she wanted done and did not tell her that he was under suspension. Herdman thought that she was retaining respondent to perform legal services based on her conversation with respondent and sent him a letter and a retainer check, which respondent subsequently negotiated. The fact that respondent subsequently performed no legal services for her is irrelevant.

{¶ 18} Finally, respondent asserts that the board failed to address his claim of discrimination in violation of the Americans with Disabilities Act ("ADA"). Respondent is a recovering drug addict and contends that his past addiction was the basis for charges brought by relator. However, respondent has presented no evidence that would support a claim for relief under the ADA. The Americans with Disabilities Act, Section 12101 *et seq.,* Title 42, U.S.Code ("ADA"), does not prevent the discipline of attorneys with disabilities. *State ex rel. Oklahoma Bar Assn. v. Busch* (Okla.1996), 919 P.2d 1114, 1119-1120. See *Cincinnati Bar Assn.*

---

1. Regarding respondent's lawsuit against Tabler, the Tenth District Court of Appeals recently upheld the trial court's granting of summary judgment in favor of Evalena Tabler. The court of appeals held that pursuant to *Hecht*, Tabler's statements in her grievance bore a reasonable relation to the Columbus Bar Association proceedings against appellant. See *Elsass v. Tabler* (Mar. 25, 1999), Franklin App. No. 98AP-837, unreported, 1999 WL 163259.

*v. Komarek* (1998), 84 Ohio St.3d 90, 96, 702 N.E.2d 62, 67. This is because the primary purpose of attorney discipline is to protect the public, and this court has a constitutional duty to oversee the bar and to ensure that its members are fit to practice law. *Busch*, 919 P.2d at 1117-1120.

{¶ 19} We adopt the conclusions of law by the board that respondent has violated DR 3-101(B), 1-102(A)(4), 1-102(A)(5), 7-102(A)(1), and 7-102(A)(2). We note that "the normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371, 1373. However, in mitigation the board determined that respondent, so far, has successfully recovered from drug and alcohol abuse, and otherwise has generally been an upstanding and active member of the community. Nevertheless, due to respondent's repeated acts of dishonesty, deceit, and failure to abide by this court's orders, we adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in the state of Ohio. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, Acting C.J., RESNICK and PFEIFER, JJ., concur.

T. BRYANT, COOK and SHAW, JJ., dissent.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting for MOYER, C.J.

STEPHEN R. SHAW, J., of the Third Appellate District, sitting for Lundberg Stratton, J.

───────────────

**SHAW, J., dissenting.**

{¶ 20} I concur with the analysis and findings of the majority, but respectfully disagree with the final disposition. The majority opinion thoroughly and effectively details on the part of respondent the intentional disregard of known legal authority of this court in an effort to harass and intimidate a former client who

filed a disciplinary grievance against him, a pattern of deceitful conduct with clients and trial courts, the deliberate disobedience of a contempt order issued by this court, and an effort to evade responsibility for his own conduct via a less than bona fide effort to invoke relief under the ADA—*all occurring while respondent was under one or the other of two different suspension orders of this court*. In my view, the aggressive pattern of professional deceit and dishonesty exhibited by respondent towards the courts, the public, and the disciplinary process itself is not outweighed by indications that in his personal life, respondent may be presently recovering from drug and alcohol abuse or involved in certain community affairs. Given these circumstances, a departure from the normal rule of *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 674 N.E.2d 1371, seems neither warranted in this case nor prudent for future cases. I believe the only appropriate sanction here is an order of permanent disbarment.

T. BRYANT and COOK, JJ., concur in the foregoing dissenting opinion.

———————————