COLUMBUS BAR ASSOCIATION *v.* CULBREATH.

[Cite as *Columbus Bar Assn. v. Culbreath* (2000), 88 Ohio St.3d 271.]

(No. 99–1894—Submitted December 15, 1999—Decided March 22, 2000.)

272

Terry K. Sherman and Bruce A. Campbell, for relator.

Larry H. James, for respondent.

---

*Per Curiam.* We adopt the findings and conclusions of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. During the six-month stayed suspension, respondent shall be on probation assisted in his practice by a mentor chosen by relator, with whom respondent shall cooperate. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

**COOK, J., dissenting.** I agree with the majority that suspension is the appropriate sanction in this case, but I respectfully dissent from the majority's decision to stay the entire suspension in favor of supervised probation.

The majority's decision to suspend respondent finds support in the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards").[1] Respondent aided a nonlawyer in the practice of law in violation of DR 3–101(A). In doing so, respondent breached a duty that he owed to the legal profession and contravened a Disciplinary Rule that protects the public by restricting the practice of law to those who have met the necessary educational standards of the profession. The ABA Standards suggest that "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a

---

1. See ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

professional, and causes injury or potential injury to a client, the public, or the legal system." Standard 7.2 (1992 Amend.).[2]

Noting respondent's leadership in the community, the majority adopts the board's recommendation to stay the entirety of respondent's suspension in favor of a supervised probationary period. But the single mitigating factor cited by the majority is outweighed by the aggravating factors present in this record. Respondent stipulated that, as Samuels's attorney, he knowingly withheld information concerning the Bryant matter from the Unauthorized Practice of Law Committee. Respondent also conceded that he initially failed to respond to the grievance in this case. This court has previously suspended attorneys for violations of DR 3-101(A) when those violations were aggravated by other factors. See, *e.g.*, *Wayne Cty. Bar Assn. v. Naumoff* (1996), 74 Ohio St.3d 637, 660 N.E.2d 1177; *Cincinnati Bar Assn. v. Fehler-Schultz* (1992), 64 Ohio St.3d 452, 597 N.E.2d 79. See, also, *In re Parker* (1998), 241 A.D.2d 208, 670 N.Y.S.2d 414.

Because I believe that an actual suspension is appropriate in this case, I respectfully dissent.

---

2. The drafters of the ABA Standards describe DR 3-101 and other similar rules as "ethical standards that are not fundamental to the professional relationship" and conclude, accordingly, that "a sanction of disbarment or suspension will rarely be required." Nevertheless, the drafters expressly indicate that "there are situations when a more severe sanction should be imposed," and Standard 7.2 encompasses these situations. ABA Standards, Introduction to Standard 7.0.