[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 192.]

OHIO STATE BAR ASSOCIATION *v*. JOHNSON.

[Cite as *Ohio State Bar Assn. v. Johnson,* 2002-Ohio-3998.]

*Attorneys at law Misconduct—Indefinite suspension—Committing extortion while serving as a state senator—Conviction for interfering with commerce by extortion under color of official right in violation of Section 1951, Title 18, U.S.Code.*

(No. 2001-2204—Submitted March 12, 2002—Decided August 21, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-05.

_____

**Per Curiam.**

{¶1} We must decide in this case how to appropriately sanction an attorney who committed extortion while serving as a state senator. The Board of Commissioners on Grievances and Discipline of the Supreme Court recommended that respondent, Jeffery D. Johnson of Cleveland, Ohio, Attorney Registration No. 0025058, be permanently disbarred from the practice of law in Ohio after finding him in violation of DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law). However, because we believe that respondent may, with committed efforts to rehabilitate, someday be capable of contributing professionally to the community again, we have decided to suspend respondent indefinitely from the practice of law.

{¶2} Respondent served in the Ohio Senate from 1990 until 1999. In 1999, he was convicted of three counts of interfering with commerce by extortion under

color of official right in violation of Section 1951, Title 18, U.S.Code (the "Hobbs Act"). He was sentenced to 15 months' incarceration, one year of supervised release, 250 hours of community service, and payment of a small assessment. His convictions were affirmed in *United States v. Johnson* (Sept. 5, 2000), C.A. 6 No. 99-3259, unreported, 2000 WL 1290317.

{¶3} Respondent was convicted of these crimes because in his capacity as a state senator, he induced various grocers and others to either give money to his election campaigns or to lend him money as a quid pro quo for his efforts on their behalf before government agencies. In exchange for payoffs based loosely on the value of the benefit to the contributor, respondent helped these constituents obtain lottery licenses, Women, Infants, and Children Program grocery contracts, liquor permits, and other governmentally regulated privileges. Respondent was caught and stopped largely because one of the grocers cooperated in an FBI investigation of his activities.

{¶4} We suspended respondent from the practice of law for an interim period on September 15, 2000, after receiving a certified copy of the judgment entry of his conviction. *In re Johnson* (2000), 90 Ohio St.3d 1410, 735 N.E.2d 451.

{¶5} On February 5, 2001, relator, Ohio State Bar Association, filed a complaint charging that respondent's conviction and the conduct underlying it violated the Code of Professional Responsibility. A panel of the board heard the cause, found the cited misconduct, and recommended that respondent be permanently disbarred. The board adopted the panel's findings, conclusions, and recommended sanction.

{¶6} We concur in the board's findings and conclusion that respondent violated DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6). We also acknowledge that the board's recommendation in this case is based firmly on precedent establishing that permanent disbarment is the accepted sanction when attorneys in public office commit extortion. *Disciplinary Counsel v. DiCarlantonio*

2

(1994)*,* 68 Ohio St.3d 479, 628 N.E.2d 1355; *Disciplinary Counsel v. Mosely* (1994), 69 Ohio St.3d 401, 632 N.E.2d 1287. But after reviewing the testimony, exhibits, and arguments of counsel, we are persuaded that the mitigation evidence justifies a sanction less severe than permanent disbarment.

**{¶7}** In executing our constitutional responsibility to oversee the practice of law in this state, our duty requires us to do more than just protect the public from those ethically unfit to represent them. We must also be careful not to deprive the public of those who, through sufficient rehabilitation, may be able to recover their ethical orientation and serve competently in a professional capacity. Thus, when an attorney has committed misdeeds that otherwise might have warranted disbarment, we have considered the attorney's community service as evidence that he might be able to reform and have imposed an indefinite suspension from the practice of law. *Columbus Bar Assn. v. Elsass* (1999)*,* 86 Ohio St.3d 195, 713 N.E.2d 421. In fact, the severity of our disciplinary measures is often tempered in consideration of an attorney's previously unblemished professional record and good public works. See *Columbus Bar Assn. v. Culbreath* (2000), 88 Ohio St.3d 271, 732, N.E.2d 985 (six-month suspension stayed with probation and mentoring ordered based on community leader's service) and *Disciplinary Counsel v. Suarez* (1998), 84 Ohio St.3d 4, 701 N.E.2d 683 (no actual suspension where attorney had no prior disciplinary infractions and dedicated her professional services to the community).

**{¶8}** The facts considered mitigating by the board were the absence of any prior instances of professional discipline against respondent, his cooperation in this disciplinary process, and numerous favorable character references, many from professional and community leaders. To this we add the fact that respondent at one time effectively served the community. Even in sentencing respondent, United States District Court Judge Kathleen M. O'Malley acknowledged letters from supporters documenting his contributions, and that support, in combination with

the relatively low degree of culpability she assessed, caused her to significantly depart from sentencing guidelines and reduce his sentence dramatically.

**{¶9}** Respondent has unquestionably violated his oath of public office and betrayed the public trust. His misconduct constitutes egregious violations of the Code of Professional Responsibility. But he may someday be able to demonstrate the ethical conduct that Ohio attorneys must practice. Because this possibility exists, we find the sanction of indefinite suspension to be appropriate. Accordingly, we order that respondent be suspended indefinitely from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

John J. Mueller and Eugene P. Whetzel, for relator.

Ben E. Espy, for respondent.

_____