OFFICE OF DISCIPLINARY COUNSEL *v.* PINCUS.

[Cite as *Disciplinary Counsel v. Pincus* (1995), 74 Ohio St.3d 146.]

(No. 94–2348—Submitted September 12, 1995—Decided December 6, 1995.)

*Geoffrey Stern,* Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*Koblentz & Koblentz, Richard S. Koblentz* and *Peter A. Russell,* for respondent.

*Per Curiam.* Upon review of the record, we concur in the board's findings of misconduct. We also agree with its recommendation, but with some modification.

Under Gov.Bar R. V(5)(A), attorneys in this state are subject to an automatic interim suspension from the practice of law upon conviction of a felony; however, in respondent's case, no order of interim suspension was ever issued.[1] Notwithstanding this, respondent stopped practicing law voluntarily at least as of his sentencing in December 1993 because he no longer trusted his commitment to his clients or his judgment on their behalf. For this reason, we are inclined to temper the indefinite suspension we agree is appropriate for respondent's misconduct and allow credit for his self-imposed interim suspension from the date of his sentencing.

---

1. Pursuant to Gov.Bar R. V(5)(A), a judgment entry of conviction was certified to this court for respondent's first drug-abuse conviction, but an order of interim suspension did not follow, apparently due to his treatment in lieu of conviction. The judgment entry for respondent's second drug-abuse conviction was not certified, nor was the judgment entry for the first conviction recertified upon sentencing.

Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio, but he is granted credit for the time of his voluntary interim suspension from December 17, 1993. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY and COOK, JJ., concur in part and dissent in part.

COOK, J., concurring and dissenting. I would indefinitely suspend respondent with no credit for time served.

F.E. SWEENEY, J., concurs in the foregoing opinion.