[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 146.]

**OFFICE OF DISCIPLINARY COUNSEL *v*. PINCUS.**

**[Cite as *Disciplinary Counsel v. Pincus*, 1995-Ohio-174.]**

*Attorneys at law—Misconduct—Indefinite suspension with credit for time of voluntary interim suspension—Convictions for drug abuse—Habitual late payment of attorney registration fees—Failure to complete required amount of continuing legal education hours for 1989-1990 biennium period and late payment of resulting sanction—Practicing law while not registered as an attorney.*

(No. 94-2348—Submitted September 12, 1995—Decided December 6, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-03.

————————————

{¶ 1} In an amended complaint filed on February 7, 1994, relator, Office of Disciplinary Counsel, charged respondent, Michael Allen Pincus, last known address, Lakewood, Ohio, Attorney Registration No. 0008519, with five counts of professional misconduct involving violations of, *inter alia*, DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law); and Gov.Bar R. VI(1) (failure to timely register as an attorney), VII(2)(A) (unauthorized practice of law), and X(3) (failure to comply with continuing legal education requirements). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on October 7, 1994.

{¶ 2} The parties stipulated at the hearing to most of the facts alleged in the complaint. With respect to the first two counts, the stipulations established that, on March 18, 1992, respondent was convicted of driving under the influence ("DUI") and sentenced to ninety days in jail. Eighty-seven days of his sentence and a $200

fine were suspended on the condition that he complete one year of probation and attend Alcoholics Anonymous ("AA") meetings.

{¶ 3} On April 13, 1992, due to conduct arising out of the same incident that led to his DUI conviction, respondent was indicted for one count of drug abuse in violation of R.C. 2925.11, a fourth-degree felony. Respondent pleaded no contest to the indictment and was granted treatment in lieu of conviction. He was placed on probation for eighteen months and ordered to attend Narcotics Anonymous ("NA"), obtain psychiatric counseling, and submit to random testing for substance abuse. On November 19, 1993, respondent pleaded guilty to another charge of drug abuse arising from his possession of cocaine. On December 17, 1993, he was sentenced to six month's incarceration for the second drug-abuse conviction and six month's incarceration, to be served concurrently, for having failed to successfully complete the rehabilitative probation ordered for his first drug-abuse charge. On April 13, 1994, respondent was granted shock probation and placed on probation for two years.

{¶ 4} With respect to the third count, the stipulations established that respondent paid his attorney registration fees for the 1987-1989 biennium period over one year late, that he paid his registration fees for the 1989-1991 biennium period over three years late, and that he paid his fees for the 1991-1993 biennium period almost one year late.

{¶ 5} With respect to Count IV, the stipulations established that respondent failed to complete the required amount of continuing legal education credit hours for the 1989-1990 biennium period, that he was fined $610 as a sanction, and that he did not pay this sanction until February 26, 1993.

{¶ 6} With respect to Count V, the stipulations established that respondent was not registered as an attorney in Ohio from September 1, 1987 to September 13, 1988, but nevertheless practiced law, providing representation in at least five separate cases.

**{¶ 7}** From this evidence, the panel concluded that respondent had violated DR 1-102(A)(3) and (6), and Gov.Bar R. VI(1), VII(2)(A), and X. In recommending a sanction for this misconduct, the panel considered testimony and correspondence from many of respondent's professional acquaintances and friends, all of whom described his honesty, integrity and competence. The panel also considered respondent's efforts to recover from alcohol and cocaine addiction, which included his frequent attendance at AA or NA meetings and his submission to random testing for substance abuse. The panel was convinced of respondent's sincere desire to maintain sobriety and was impressed with his support system. However, it was concerned that respondent had been in recovery, which he distinguished from the sobriety he had apparently maintained since his incarceration, only six months. Indeed, respondent readily confessed that he had a strong dependence on counseling and support meetings and that he needed to attend such meetings nearly every day.

**{¶ 8}** Respondent's comparatively brief recovery period, coupled with his prior relapse during the rehabilitation period offered after his first drug-abuse conviction, persuaded the panel to reject the sanction respondent suggested -- a two-year suspension, with one year stayed, providing respondent complies with various conditions during a probation period of unspecified length. The panel instead recommended, consistent with relator's suggestion, that respondent receive an indefinite suspension from the practice of law. The board agreed, adopting the panel's findings of fact, conclusions of law, and recommendation.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Koblentz & Koblentz*, *Richard S. Koblentz* and *Peter A. Russell*, for respondent.

———————————

*Per Curiam*.

{¶ 9} Upon review of the record, we concur in the board's findings of misconduct. We also agree with its recommendation, but with some modification.

{¶ 10} Under Gov.Bar R. V(5)(A), attorneys in this state are subject to an automatic interim suspension from the practice of law upon conviction of a felony; however, in respondent's case, no order of interim suspension was ever issued.[1] Notwithstanding this, respondent stopped practicing law voluntarily at least as of his sentencing in December 1993 because he no longer trusted his commitment to his clients or his judgment on their behalf.. For this reason, we are inclined to temper the indefinite suspension we agree is appropriate for respondent's misconduct and allow credit for his self-imposed interim suspension from the date of his sentencing.

{¶ 11} Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio, but he is granted credit for the time of his voluntary interim suspension from December 17, 1993. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., CONCUR.

F.E. SWEENEY and COOK, JJ., concur in part and dissent in part.

---

**COOK, J., concurring and dissenting.**

{¶ 12} I would indefinitely suspend respondent with no credit for time served.

F.E. SWEENEY, J., concurs in the foregoing opinion.

---

1. Pursuant to Gov.Bar R. V(5)(A), a judgment entry of conviction was certified to this court for respondent's first drug-abuse conviction, but an order of interim suspension did not follow, apparently due to his treatment in lieu of conviction. The judgment entry for respondent's second drug-abuse conviction was not certified, nor was the judgment entry for the first conviction recertified upon sentencing.