[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 364.]

OFFICE OF DISCIPLINARY COUNSEL *v*. WATSON.

[Cite as *Disciplinary Counsel v. Watson*, 2002-Ohio-2222.]

*Attorneys at law—Misconduct—One-year suspension—Charging a clearly excessive fee—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Threatening to file criminal charges solely to obtain advantage in a civil matter—Prejudicing or damaging client during course of professional relationship—Withdrawing from employment before taking reasonable steps to avoid prejudice to client—Surreptitiously recording conversations with client's son and his attorney.*

(No. 2001-1205—Submitted November 27, 2001—Decided May 22, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-70.

_____

**Per Curiam**.

{¶1} On May 16, 2000, relator, Office of Disciplinary Counsel, filed a second amended complaint charging respondent, Michael Troy Watson of Cleveland, Ohio, Attorney Registration No. 0029023, in two counts with violating several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶2} Based on stipulations of the parties, testimony received during a day and a half of hearings, and the briefs of the parties, the panel determined that relator had not proved Count One of its complaint by clear and convincing evidence. With respect to Count Two, the panel found that in May 1996, respondent was employed by Ms. Price-Burns, a recently divorced woman, to reopen her divorce decree and obtain for her a settlement larger than the one she had received. A written fee agreement between Price-Burns and respondent provided that respondent was to

receive a minimum fee of $1,500 plus reimbursement of certain expenses and a contingent fee of one-third of any recovery. Price-Burns paid the $1,500 to respondent on May 8, 1996.

{¶3} Respondent filed a Civ.R. 60(B) motion on behalf of Price-Burns to vacate the judgment entry of divorce in June 1996, and after the first hearing on the motion, Price-Burns gave respondent a check for $3,000 to cover expenses that he had incurred. When the check was returned for insufficient funds, respondent followed the instructions of Price-Burns's son to renegotiate the check. It was returned again. Price-Burns discharged respondent, who thereupon informed her of his intent to report the matter of issuing a bad check to the Shaker Heights Police Department. Respondent then filed an attorney lien for fees on Price-Burns's residence, and filed a civil lawsuit against Price-Burns for attorney fees of $19,243.77 and for damages exceeding $25,000. Price-Burns counterclaimed alleging legal malpractice, and, eventually, the matter was settled when Price-Burns agreed to pay respondent $5,000 and to drop all professional disciplinary grievances against him. A judge overruled Price-Burns's Civ.R. 60(B) motion on October 15, 1997.

{¶4} The panel also found that on October 10, 1997, after he was discharged by Price-Burns, respondent filed a motion to withdraw from the case that he had filed for her. However, between the filing and the granting of the motion to withdraw, respondent failed to appear at a November 5, 1997 hearing on a motion for contempt filed by respondent on behalf of Price-Burns. The motion was denied.

{¶5} The panel found that respondent had entered into a contingent fee agreement with Price-Burns and then attempted to obtain a fee based on an hourly rate. The panel concluded that this conduct violated DR 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). It further found that respondent did not disclose his contingent fee arrangement to the court when he filed the civil suit against Price-Burns and

concluded that this failure to disclose, which amounted to a misrepresentation to the court, violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

{¶6} The panel concluded that by threatening to file criminal charges if his fee was not paid, respondent violated DR 7-105(A) (a lawyer shall not threaten criminal charges solely to obtain advantage in a civil matter); and that by filing in the county recorder's office an attorney's lien on Price-Burns's property, although he had not pursued the matter to judgment as required by case law, respondent violated DR 1-102(A)(4), 1-102(A)(5), and 7-101(A)(3) (a lawyer shall not prejudice or damage his client during course of professional relationship).

{¶7} In addition, the panel found that during the course of his representation of Price-Burns, respondent dictated her proposed affidavits into a tape recorder and then asked whether she wished to return to his office to sign the affidavits when typed or sign a blank paper on which the affidavit would be typed. Price-Burns chose to sign the blank paper, and the panel concluded that although respondent acted for the convenience of his client, he violated DR 1-102(A)(5).

{¶8} The panel also concluded that respondent's failure to appear at the November 5, 1997 hearing before the court entered an order approving his withdrawal as counsel constituted a violation of DR 2-110(A)(2) (a lawyer shall not withdraw from employment before taking reasonable steps to avoid prejudice to the client).

{¶9} Finally, the panel found that during the course of his representation, respondent surreptitiously recorded his conversations with Price-Burns's son and his attorney, and concluded that this conduct was ethically improper. The panel recommended that respondent be suspended from the practice of law for six months with the entire suspension stayed. The board found the surreptitious taping violated DR 1-102(A)(4) and otherwise adopted the findings and conclusions, but not the

recommendation, of the panel. The board recommended a one-year suspension with six months of the suspension stayed.

{¶10} We have examined the record and adopt the findings and conclusions of the board. However, in view of the nature of respondent's conduct and his failure to accept responsibility for the conduct, we believe that a more severe sanction is appropriate. Respondent is hereby suspended from the practice of law in Ohio for one year. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent and would adopt the recommendation of the board of a one-year suspension with six months stayed.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Michael Troy Watson, pro se.

_____