COLUMBUS BAR ASSOCIATION. *v*. LARKIN.

[Cite as *Columbus Bar Assn. v. Larkin,* **128 Ohio St.3d 368, 2011-Ohio-762.**]

*Attorney misconduct, including commission of an illegal act that reflects adversely on the lawyer's honesty or trustworthiness — Indefinite license suspension.*

(No. 2010-1840 — Submitted January 4, 2011 — Decided February 23, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-097.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Janet L. Larkin of Columbus, Ohio, Attorney Registration No. 0073610, was admitted to the practice of law in Ohio in 2001. We suspended respondent's license in November 2009 for her failure to register for the 2009/2011 attorney-registration biennium. *In re Attorney Registration Suspension of Larkin*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. In December 2009, relator, Columbus Bar Association, filed a complaint charging her with violations of the Ohio Rules of Professional Conduct arising from her alcohol and drug addiction and her indictment for possession of heroin and cocaine. During the pendency of this action, she has also been sanctioned and suspended for failing to comply with the continuing-legal-education requirements set forth in Gov.Bar R. X(3). *In re Continuing Legal Edn. Suspension of Larkin*, 127 Ohio St.3d 1467, 2010-Ohio-6302, 938 N.E.2d 368.

**{¶ 2}** Although relator's complaint was served by certified mail on December 8, 2009, at the address respondent has registered with the Office of Attorney Services, she failed to file an answer. Relator filed a motion for default

supported by documentary evidence, including the transcript of respondent's August 2009 deposition.

{¶ 3} A master commissioner appointed by the board considered the motion for default and prepared a report recommending that respondent be indefinitely suspended. The board adopted the master commissioner's findings that the materials offered in support of the default motion were sufficient and that respondent's conduct had violated the ethical duties incumbent upon Ohio lawyers.

{¶ 4} In accordance with the master commissioner's report, the board recommends that we indefinitely suspend respondent from the practice of law and condition her reinstatement upon submission of proof that she has successfully completed treatment for her substance abuse and is capable of returning to the competent, ethical, and professional practice of law. We accept the board's findings of fact and misconduct and agree that an indefinite suspension is the appropriate sanction.

**Misconduct**

{¶ 5} On January 3, 2009, respondent was seriously injured in an automobile accident. While investigating the accident, Columbus police officers discovered a used crack-cocaine pipe and used heroin syringes in respondent's automobile. In February 2009, a Franklin County grand jury indicted respondent on one count of possession of heroin and one count of possession of cocaine, both in violation of R.C. 2925.11. Respondent entered a diversion program that required her to attend drug and alcohol counseling, to undergo drug screening, and to abstain from using drugs and alcohol. But when respondent failed to comply with the terms of the program, the trial judge returned her criminal case to the court's active docket.

{¶ 6} At her deposition, respondent testified that she has a long-standing problem with drugs and alcohol and that the treatment she has received for this

problem has been unsuccessful. She admitted that at the time of her automobile accident, she possessed drug paraphernalia that contained residue of heroin and cocaine. She further testified that she had been on her way to see the person who had encouraged her to use illegal drugs. Although relator urged respondent to contact the Ohio Lawyers Assistance Program ("OLAP") during the course of these proceedings, she has had no contact with that program since August 2007. Moreover, respondent's participation in the disciplinary process was limited to her attendance at her deposition and the submission of one letter and one e-mail to relator.

{¶ 7} The master commissioner and board found, and we agree, that this evidence clearly and convincingly establishes respondent's violation of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9} As aggravating factors, the master commissioner and board found, and we agree, that respondent had engaged in a pattern of misconduct involving multiple offenses and failed to cooperate in the disciplinary process after her

deposition. BCGD Proc.Reg. 10(B)(1)(c), (d), and (e). We also find that respondent has a prior disciplinary record for failure to comply with attorney-registration requirements. BCGD Proc.Reg. 10(B)(1)(a). See also *Disciplinary Counsel v. Mitchell*, 124 Ohio St.3d 266, 2010-Ohio-135, 921 N.E.2d 634, ¶ 8; and *Akron Bar Assn. v. Paulson*, 112 Ohio St.3d 334, 2006-Ohio-6678, 859 N.E.2d 932, ¶ 12 (both holding that attorney-registration violations are prior disciplinary offenses pursuant to BCGD Proc.Reg. 10(B)(1)(a)). But we reject the master commissioner's and board's findings that the imposition of other penalties or sanctions is a mitigating factor, because the record contains no evidence that any other penalty or sanction has been imposed.

{¶ 10} Relator has argued that an indefinite suspension from the practice of law will adequately protect the public while leaving open the possibility that with proper rehabilitation, respondent will one day be able to resume the practice of law. Citing our imposition of indefinite suspensions in *Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 914 N.E.2d 443; *Disciplinary Counsel v. Wolanin*, 121 Ohio St.3d 390, 2009-Ohio-1393, 904 N.E.2d 879; and *Disciplinary Counsel v. Young*, 102 Ohio St.3d 113, 2004-Ohio-1809, 807 N.E.2d 317, the master commissioner and board accepted relator's recommended sanction. They observed that in each of those cases, there was evidence of mental illness or substance abuse but that the condition had not qualified as a mitigating factor, because the respondents had failed to submit evidence that the condition had contributed to their misconduct, that the condition had been successfully treated, and that they were capable of returning to the competent, ethical, and professional practice of law. See BCGD 10(B)(2)(g)(i) through (iv); *Ridenbaugh* at ¶ 24-40; *Wolanin* at ¶ 12; *Young* at ¶ 12. Therefore, the master commissioner and board adopted relator's recommended sanction.

{¶ 11} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct,

we adopt the board's recommended sanction of an indefinite suspension. As we have previously recognized, our duty is not only to protect the public from attorneys who are not ethically fit to practice law, but also to "take care not to deprive the public of attorneys who, through rehabilitation, may be able to ethically and competently serve in a professional capacity." *Young* at ¶ 15, citing *Ohio State Bar Assn. v. Johnson*, 96 Ohio St.3d 192, 2002-Ohio-3998, 772 N.E.2d 1184, at ¶ 7.

{¶ 12} Accordingly, Janet L. Larkin is indefinitely suspended from the practice of law in the state of Ohio, and reinstatement shall be conditioned upon proof that she has successfully completed treatment for substance abuse and is capable of returning to the competent, ethical, and professional practice of law. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Bruce A. Campbell, Bar Counsel, A. Alysha Clous, Assistant Bar Counsel, and Margaret L. Blackmore, for relator.

_____