STARK COUNTY BAR ASSOCIATION *v*. ZIMMER.

[Cite as *Stark Cty. Bar Assn. v. Zimmer,* 135 Ohio St.3d 462, 2013-Ohio-1962.]

*Attorneys—Misconduct—Indefinite license suspension for multiple alcohol-related traffic offenses, flight from the scene of an accident, and failure to cooperate in the disciplinary process.*

(No. 2012-2057—Submitted February 6, 2013—Decided May 16, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-042.

———————————

**Per Curiam.**

{¶ 1} Respondent, Dale Alan Zimmer, whose last known address is in Massillon, Ohio, Attorney Registration No. 0018382, was admitted to the practice of law in Ohio in 1978. We suspended his license on November 2, 2011, for his failure to register for the 2011-2013 biennium, and that suspension remains in effect. *In re Attorney Registration Suspension of Zimmer,* 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310. On June 11, 2012, relator, Stark County Bar Association, filed a four-count complaint charging Zimmer with engaging in conduct that violated the Disciplinary Rules of the Code of Professional Responsibility and the Ohio Rules of Professional Conduct, including his knowing failure to respond to the resulting disciplinary investigation.[1]

{¶ 2} The Board of Commissioners on Grievances and Discipline attempted certified-mail service at Zimmer's place of residence and a second

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. To the extent that both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

address on file with the Office of Attorney Services, but the mailings were returned with no forwarding address. On July 6, 2012, the board served the clerk of this court in conformity with Gov.Bar R. V(11)(B).

{¶ 3} Zimmer did not answer the complaint, and on August 10, 2012, relator moved for default judgment.

{¶ 4} A master commissioner appointed by the board granted relator's motion for default, made findings of fact and misconduct, and recommended that Zimmer be indefinitely suspended from the practice of law with his readmission conditioned upon proof of compliance with an established substance-abuse program. The board adopted the master commissioner's findings of fact and misconduct and his recommended sanction. We adopt the board's findings and indefinitely suspend Zimmer from the practice of law.

**Misconduct**

*Count I*

{¶ 5} The allegations of misconduct arise in part from Zimmer's multiple driving infractions, each of which shows his disregard for his obligations as both a citizen and a lawyer to respect and honor the law. Most recently, on November 2, 2011, Zimmer crashed his car into a parked vehicle and a building, causing damage to both. He then fled the scene without reporting the accident or leaving contact information. He was arrested and charged with failing to stop after an accident upon property other than the street and with the illegal use of license plates. He pled no contest and was found guilty of failure to stop.

{¶ 6} The board found that Zimmer had violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the

2

lawyer's fitness to practice law). We adopt the board's findings of fact and misconduct.

*Count II*

**{¶ 7}** While Zimmer was in custody for the November 2, 2011 accident, law-enforcement authorities discovered an outstanding bench warrant for his arrest that stemmed from an incident that had occurred on September 8, 2008. On that date, Zimmer was charged with driving without a license and failing to maintain the assured clear distance ahead. He was convicted of driving without a license on October 7, 2008. Zimmer was ordered to appear in open court on December 9, 2008, and provide the court with proof of a valid driver's license, but he failed to appear. A bench warrant was issued.

**{¶ 8}** The board found that Zimmer had violated Prof.Cond.R. 8.4(b), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d), and 8.4(h). We adopt these findings of fact and misconduct.

*Count III*

**{¶ 9}** Zimmer was arrested at 3:20 a.m. on April 22, 2006, for operating a motor vehicle while intoxicated and for failure to control. A bench warrant was later issued for his failure to appear for a hearing. Nearly six years later, on January 3, 2012, he pled guilty to the 2006 charge of operating a vehicle while intoxicated and was sentenced to home arrest. On March 1, 2012, a bench warrant was issued for his arrest because he had failed to report to the home-arrest supervisor as ordered. On July 2, the judge in his case received a letter from Zimmer claiming that he was in the psychiatric unit at Mercy Medical Center in Canton and that he had attended approximately 45 Alcoholics Anonymous meetings in an attempt at sobriety.

**{¶ 10}** With respect to this count, the board found that Zimmer had violated DR 1-102(A)(1) (prohibiting a lawyer from violating a Disciplinary

Rule), 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6), and Prof.Cond.R. 8.4(c), 8.4(d), and 8.4(h).  We adopt these findings of fact and misconduct.

*Count IV*

**{¶ 11}** On February 1, 2012, Zimmer was served with a subpoena issued by the board requiring him to appear for a deposition conducted by relator.  Zimmer acknowledged receipt of the subpoena, but failed to appear for the deposition.

**{¶ 12}** The board found that the evidence clearly and convincingly demonstrated that Zimmer violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).  We adopt these findings of fact and misconduct.

**Sanction**

**{¶ 13}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases.  *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.   In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).  *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 14}** The board found as aggravating factors the multiple offenses and Zimmer's failure to cooperate in the disciplinary process.  *See* BCGD Proc.Reg. 10(B)(1)(d) and (e).  Other than his failure to register in 2011 and subsequent

suspension, the board found that Zimmer had no prior disciplinary record. As for mitigation, the board noted that Zimmer's underlying criminal conduct resulted in fines and other penalties. *See* BCGD Proc.Reg. 10(B)(2)(f).

**{¶ 15}** Relator and the board suggest that Zimmer's "sporadic interaction" with the Ohio Lawyers Assistance Program ("OLAP") may be relevant in mitigation. But the record contains no documentation of a formal diagnosis or evidence that respondent was participating in an approved treatment program. Therefore, Zimmer's contacts with OLAP cannot qualify as a mitigating factor. *See* BCGD Proc.Reg. 10(B)(2)(g).

**{¶ 16}** Zimmer's record of alcohol-related traffic offenses and his flight from the scene of his most recent vehicular incident suggest that he suffers from untreated alcohol or substance abuse that has interfered with his personal conduct for some time. Although Zimmer has not been shown to have neglected or mishandled client matters entrusted to him, he has on multiple occasions, through his conduct in both the criminal and disciplinary proceedings against him, neglected his legal obligations to respect and honor the law. We have in similar circumstances suspended attorneys indefinitely. *See Disciplinary Counsel v. Pincus,* 74 Ohio St.3d 146, 656 N.E.2d 1280 (1995) (imposing an indefinite suspension for two incidents of drunk driving and failure to register). *See also Columbus Bar Assn. v. Larkin*, 128 Ohio St.3d 368, 2011-Ohio-762, 944 N.E.2d 669, a default proceeding involving an attorney who admitted to a long-standing problem with drugs and alcohol for which attempts at treatment had been unsuccessful. We imposed an indefinite suspension and conditioned any future reinstatement on proof of the attorney's successful completion of treatment for substance abuse and of her fitness to return to the competent, ethical, and professional practice of law.

**{¶ 17}** Having considered Zimmer's conduct, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable

misconduct, the master commissioner and board recommend that Zimmer be indefinitely suspended from the practice of law in Ohio. Because the record strongly suggests that Zimmer suffers from substance abuse and/or mental disability, they also recommend that Zimmer's readmission be conditioned upon proof of compliance with an established substance-abuse program. We agree.

{¶ 18} Zimmer is therefore indefinitely suspended from the practice of law in Ohio with reinstatement conditioned upon proof that he has complied with an established substance-abuse program and that he is capable of returning to the competent, ethical, and professional practice of law. Costs are taxed to Zimmer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Day Ketterer Ltd. and Robert J. McBride; and Richard S. Milligan, for relator.

_____