**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Lindner,* **Slip Opinion No. 2017-Ohio-4362.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4362

COLUMBUS BAR ASSOCIATION *v.* LINDNER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Lindner,* Slip Opinion No. 2017-Ohio-4362.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension.*

(No. 2016-1820—Submitted March 1, 2017—Decided June 21, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-058.

_____

**Per Curiam.**

{¶ 1} Respondent, Kristina Marie Lindner, of Gahanna, Ohio, Attorney Registration No. 0088516, was admitted to the practice of law in Ohio in 2011.

{¶ 2} Relator, Columbus Bar Association, filed an amended complaint against Lindner with the Board of Professional Conduct on November 17, 2015. The complaint alleged that over a two-year period, Lindner violated the Rules of

Professional Conduct by engaging in multiple serious criminal violations—including disorderly conduct arising from a domestic situation, endangering her children, leaving the scene of an accident, falsification, and driving while impaired.

{¶ 3} After a hearing, a three-member panel of the board recommended that Lindner be indefinitely suspended from the practice of law based on findings that she had engaged in conduct that adversely reflected on her honesty or trustworthiness; involved dishonesty, fraud, deceit, or misrepresentation; and adversely reflected on her fitness to practice law. The board adopted the panel's findings and recommended sanction. There are no objections to the board's report or recommendation. For the reasons that follow, we indefinitely suspend Lindner from the practice of law in Ohio.

**Misconduct**

{¶ 4} From November 2013 through November 2015, Lindner faced criminal charges in no fewer than five matters. In November 2013, she was charged with domestic violence and assault for allegedly kicking and striking her husband. She eventually pleaded guilty to a misdemeanor charge of disorderly conduct for which she received a suspended jail sentence and one year of community control, which required her to stay away from her husband and commit no new offenses. But in June 2014, she was once again charged with domestic violence and assault for allegedly striking her husband. She pleaded guilty to another misdemeanor charge of disorderly conduct and was sentenced to eight days in jail, which she had already served. Her commission of that offense violated the terms of her community control.

{¶ 5} In July 2014, Lindner was charged with two counts of child endangerment for allegedly leaving her young daughters home alone. The criminal complaints alleged that on February 3, 2014, Lindner's three-year-old daughter was found attempting to ride a bicycle on a snow-covered street while the temperature was in the twenties and her eight-month-old daughter was found alone and crying

2

uncontrollably in Lindner's residence. Lindner pleaded guilty to two counts of attempted child endangerment, both second-degree misdemeanors. She received a suspended jail sentence and was ordered to complete two years of community control, which required her to commit no new offenses, remain alcohol and drug free, and comply with additional conditions established by the Ohio Lawyers Assistance Program ("OLAP").

{¶ 6} Lindner also faced charges in two separate vehicular matters. In December 2014, she was charged with leaving the scene of an accident and backing up unsafely. She was later charged with falsification for allegedly falsely claiming that her car had been stolen several hours before the accident. And in October 2015, she was charged with several additional violations, including operating a vehicle while under the influence of alcohol or drugs ("OVI").

{¶ 7} Lindner eventually pleaded guilty to leaving the scene of the accident, falsification, and OVI—all of which violated the terms of her prior community-control sanctions—and the remaining charges were dismissed. Her sentences for the three convictions included suspended jail terms and community control, with conditions that required her to stay alcohol and drug free, submit to a chemical-dependency assessment, and successfully complete alcohol/chemical-dependency treatment. According to her testimony at the disciplinary hearing, Lindner voluntarily removed herself from the practice of law in January 2016.

{¶ 8} Based on Lindner's multiple criminal convictions, the board found that she violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that reflects adversely on the lawyer's fitness to practice law). Consistent with our decision in *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, the board expressly determined that the "volume, seriousness,

recklessness, and repetitiveness of [Lindner's] unremitting lawless behavior," combined with the existence of outstanding warrants for her arrest at the time of the hearing and her failure to take corrective action, were sufficiently egregious to prove the Prof.Cond.R. 8.4(h) violation. We agree with these findings of fact and misconduct.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The board found that the applicable aggravating factors were a dishonest or selfish motive, a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process—as demonstrated by Lindner's failure to appear at a scheduled deposition and her failure to timely appear at the panel hearing—and the endangerment of her children. *See* Gov.Bar R. V(13)(B)(2), (3), (4), (5), and (8).

{¶ 11} At the time of her disciplinary hearing, Lindner did not have a permanent residence, a working vehicle or cell phone, or any income other than food stamps. She testified that her husband continued to abuse her "all the time" and that he had been convicted of felonious assault for hitting her so hard that he fractured her cheekbone. Despite the ongoing abuse, Lindner was still living primarily with her husband at the time of her disciplinary hearing. When questioned about the instances in which she committed violent acts toward her husband, she explained that "after taking so much for so long, my fight or flight turned into fight."

{¶ 12} Lindner testified that she developed an opioid addiction after taking medication prescribed for an injury inflicted by her husband. She has participated in drug-treatment programs off and on since 2013 and has continued to take

4

Suboxone (as prescribed by her doctor for her withdrawal symptoms) when she has been able to afford it. But she denied having used any illegal narcotics since she entered treatment and claimed that the impairment that led to her OVI conviction was caused by her financially driven withdrawal from Suboxone.

{¶ 13} Although Lindner entered into a five-year OLAP contract in 2013, she admitted that she has not complied with its terms, which require regular attendance at Narcotics Anonymous meetings. And while she claimed at her disciplinary hearing that she had complied with the requirements of her criminal sentences, her testimony reflects that she did not realize that at least one of her sentences requires her to "[c]omply [with her] OLAP conditions."

{¶ 14} On these facts, the board remarked that "[t]here is no question that [Lindner] leads a bleak existence in an intolerably abusive environment" and that "there is no denying that" those factors contributed to her misconduct. Although Lindner failed to satisfy all four elements necessary to establish a mental or substance-use disorder as a mitigating factor under Gov.Bar R. V(13)(C)(7), the board expressed its belief that she is "without a doubt * * * debilitated both by a substance abuse addiction and by her dependence on an abusive husband without whom she feels she cannot support herself and her children."[1] In addition, we note that Lindner has no prior disciplinary record. *See* Gov.Bar R. V(13)(C)(1).

{¶ 15} The parties agreed that Lindner is not ready to resume the practice of law, but they expressed different opinions about the time necessary for her rehabilitation. Relator suggested that an indefinite suspension is the appropriate sanction for Lindner's misconduct and will give her ample time to address her

---

[1] For a substance-use disorder to qualify as a mitigating factor pursuant to Gov.Bar R. V(13)(C)(7), there must be: (a) a diagnosis of a disorder by a qualified health-care or chemical-dependency professional, (b) a determination that the disorder is causally related to the misconduct, (c) certification of successful completion of an approved treatment program, and (d) a prognosis from a qualified health-care or chemical-dependency professional that the attorney will be able to return to the competent, ethical, and professional practice of law under specified conditions.

problems and demonstrate her commitment to living a clean, law-abiding life. In contrast, Lindner proposed a two-year suspension with 18 months stayed on conditions.

{¶ 16} The board acknowledged Lindner's dedication to her clients and the absence of any evidence that they were harmed by her conduct. However, the board also recognized that Lindner has clearly lost her way and must take significant and difficult corrective actions before she will be able to resume the competent, ethical, and professional practice of law. Based on evidence that Lindner has an ongoing opioid addiction, has failed to comply with her treatment plan and OLAP contract related to that addiction, "careen[s] from one violent or reckless criminal act to another," and has failed to articulate a coherent plan to change the course of her life, the board recommended that we indefinitely suspend Lindner and place certain conditions on her reinstatement.

{¶ 17} In support of that recommendation, the board cited several cases in which we indefinitely suspended attorneys whose untreated substance-use disorders contributed to their multiple criminal convictions. *See*, *e.g.*, *Disciplinary Counsel v. Hiltbrand*, 110 Ohio St.3d 214, 2006-Ohio-4250, 852 N.E.2d 733; *Stark Cty. Bar Assn. v. Zimmer*, 135 Ohio St.3d 462, 2013-Ohio-1962, 989 N.E.2d 51.

{¶ 18} Having considered Lindner's conduct, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable conduct, we adopt the board's findings and recommended sanction.

{¶ 19} Accordingly, Kristina Marie Lindner is indefinitely suspended from the practice of law in Ohio. In addition to the requirements for reinstatement set forth in Gov.Bar R. V(25)(D)(1), Lindner's reinstatement shall be conditioned upon proof that she has (1) completed a domestic-abuse assessment conducted by OLAP or an otherwise qualified professional and that she has complied with any recommendations resulting from that assessment, (2) complied with an established substance-abuse treatment program, and (3) received a prognosis from a qualified

6

health-care professional that she is capable of returning to the competent, ethical, and professional practice of law under specified conditions.  Costs are taxed to Lindner.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., not participating.

————————————

Rourke & Blumenthal, L.L.P., and Robert P. Miller; and Lori J. Brown, Bar Counsel, and Alysha Clous, Assistant Bar Counsel, for relator.

Eric Brehm & Associates and Eric W. Brehm, for respondent.

————————————